# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60064-CR-ROSENBAUM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MARC SEAVER PAGE,

       Defendant.
_____/

## ORDER REQUIRING PSYCHOLOGICAL EXAMINATION

This matter is before the Court on Defendant's Motion for Determination of the Status of Counsel [D.E. 77]. The Court held a hearing on Defendant's Motion on August 28, 2012. During the hearing, the Court attempted to conduct a hearing pursuant to *Faretta v. State of California*, 422 U.S. 806 (1975), and its progeny. The August 28, 2012, hearing was the third such *Faretta* inquiry that the Court has attempted to undertake with respect to Defendant since the inception of this case. At the first hearing, Defendant indicated that he did not understand the charges against him. During the second hearing, Defendant insisted that he would not waive his right to counsel while simultaneously suggesting that he wished to represent himself. At the August 28, 2012, hearing, the Court repeatedly explained Defendant's Sixth Amendment right to be represented by an attorney throughout all proceedings in this case and asked Defendant whether he understood that he had this right. In response, Defendant kept stating that he wished to invoke his Sixth Amendment right to represent himself and would not respond to the question posed by the Court.

In addition to Defendant's behavior in Court, the record in this case reveals that Defendant

has also filed several documents with unusual content. Among these, for example, Defendant filed his Verified Demand for a Bill of Particulars [D.E. 36]. In this filing, Defendant demands answers to the following questions, among others:

> 4.) Does the Plaintiff claim that this case and the Court that is hearing it is outside and/or not subject to, the authority of the Constitution of the united [sic] States of America and the Bill of Rights? Yes or No
>
> 5.) Does the Plaintiff claim that this case and the Court that is hearing it is outside and/or not subject to, the authority of the original and organic United States of America Republic which was formed and established by the body politic of The United States of America in 1776? Yes or No
>
> 6.) Does the Plaintiff's agent subscribe to the doctrine proclaimed by President Franklin D. Roosevelt on March 4th through 9th, 1933 when he invoked what he called "Emergency War Powers" (Senate Report 93-549) and under that alleged authority suspended the Constitution of the united [sic] States of America, declared a State [sic] of "National Emergency"; created "permanent agencies to deal with the "temporary" emergency; had the "Trading with the Enemy Act of 1917" amended so that US citizens could be declared "enemies" of the government (Paragraph 5b); placed the United States in receivership to the Federal Reserve (HJR 192, June 5, 1933) and officially placed the country under martial law? Yes or No
>
> 7.) Is this court, and the UNITED STATES, subject to any control of a foreign agency or foreign principals as a result of being in receivership from the bankruptcy of the UNITED STATES that can affect the claimed sovereignty of these governments and/or affect or influence the outcome of this case? Yes or No
>
> 8.) Does the Plaintiff or its agent in this case claim the "Sovereignty of Nations" doctrine and it's [sic] accompanying "Law of the Flag" (universally accepted by every nation on earth) do not apply to this Court? Yes or No
>
> 9.) Does the Plaintiff or its agent in this case condone this Courts

        [sic] displaying of a Military flag, pursuant to Title 4 USC Section 1, Note 1, for the defacto governments that, under the law of the flag, signifies "Martial Law" and the rules of Martial Law instead of unalienable and constitutionally protected rights as would exist under the American flag of peace? Yes or No

10.) Does the Plaintiff or its agent in this case claim the jurisdiction of the UNITED STATES OF AMERICA is the same as that of the United States of America, as a Republic established in 1776? Yes or No

11.) Does the Plaintiff or its agent in this case claim this Court is subject to the authority of the de jure federal government of the united [sic] States of America? Yes or No

12.) If the answer to question 11 is yes as officers of the court, why doesn't it display the American flag of peace?

D.E. 36 at 2-3. Similarly, in his Notice of Motion and Motion to Dismiss [D.E. 37], although Defendant is charged with violating 18 U.S.C. § 371, the long-established general conspiracy provision, Defendant asserts, "The Complaint Alleges Violations Of Sections of Title 18, US Code, that have never been enacted into law by the U.S. Congress." *Id.* at 3. Defendant further purports to state a counterclaim against the United States of America and the prosecutor assigned to this case.[1] *See id.* at 7.

Also of concern, according to Defendant's Motion for the Determination of Status of Counsel [D.E. 77], filed by the Assistant Federal Public Defender assigned to represent Defendant, Defendant has ceased all communications with counsel and has refused "to return or respond to any and all telephone calls and e-mail messages" from defense counsel. *See id.* at 6. During the August 28, 2012, hearing, however, Defendant denied having engaged in these activities and insisted that he had

---

[1]The Court has previously discussed Defendant's statements set forth in his Notice of Intent to Appear and Act as My Own Sixth Amendment Counsel [D.E. 68]. *See* D.E. 70.

not received communications from defense counsel. Defendant further demanded that his appointed counsel provide him with a list of attorneys licensed by the State of Florida but not members of the Florida Bar — an impossible task because, by definition, a license to practice law in the State of Florida is synonymous with being a member of the Florida Bar. When counsel explained this to Defendant, he seemed unable to accept, or possibly, to understand, this concept. Defendant likewise insisted that counsel file frivolous motions with the Court, even though counsel explained that the motions were unsupported by the law and that he therefore could not file them.

In *United States v. Garey*, 540 F.3d 1253 (11th Cir. 2008), the defendant, Eddie Milton Garey, demanded a new lawyer three days before trial, objecting to his assigned counsel. The district judge disagree and offered Garey the option of accepting his appointed counsel's representation or trying the case himself. Unsatisfied with the two choices, Garey refused to make a decision, both rejecting appointing counsel and "adamantly refusing to waive his right to counsel." *Id.* at 1257. Finally, the court determined that Garey's conduct demonstrated a knowing and voluntary waiver of the right to counsel, and allowed Garey to represent himself at trial, with his appointed counsel serving only as standby counsel. After Garey was convicted of all counts at trial, he appealed, contending that the trial court violated his Sixth Amendment right to counsel by forcing him to proceed pro se. *Id.* The Eleventh Circuit agreed with the district judge, noting that Garey had been warned of the consequences of refusing to choose between the two alternatives that the district court had provided and finding that, by his conduct, Garey had voluntarily waived his right to counsel. *Id.* at 1258.

It further provided guidance for courts addressing similar situations. As the Eleventh Circuit explained, a district court must satisfy itself that the defendant "(1) understands the choices before him, (2) knows the potential dangers of proceeding pro se, and (3) has rejected the lawyer to whom

he is constitutionally entitled" before it may require an uncooperative defendant to proceed *pro se*. *Id.* at 1267. Nevertheless, the court emphasized that

> a court is not *required* to relieve a criminal defendant of counsel when the defendant engages in obstructionist conduct. If, when viewing all relevant circumstances, a court concludes a defendant's equivocal, irrational, or otherwise uncooperative conduct stems from serious mental illness, confusion, or any other condition indicative of a lack of understanding, the court should prohibit the defendant from proceeding pro se, even if the defendant has rejected counsel or made an affirmative request to proceed without counsel.

*Id.* at 1267 n.9 (emphasis in original) (citing *Indiana v. Edwards*, 128 S. Ct. 2379, 2386-87 (2008)).

Based on Defendant's behavior in this case up until this point, including the contents of his filings with the Court and his conduct during his hearings before the Court, the Court cannot satisfy itself at this time that Defendant understands the choices before him. To the contrary, while one plausible interpretation of Defendant's conduct could certainly suggest that Defendant is simply uncooperative and obstructionist, Defendant's behavior and assertions throughout this prosecution have been such that they create reasonable cause to believe that Defendant may presently be suffering from a "serious mental illness, confusion, or [another] condition indicative of a lack of understanding." Because this Court cannot confidently assess the cause of Defendant's conduct, this Court cannot be certain that Defendant understands the choices before him and knows the potential dangers of proceeding *pro se*. Therefore, before the Court can make a determination as to whether Defendant has voluntarily, by his conduct, made an informed decision to waive his Sixth Amendment right to counsel, the Court finds it necessary to obtain a professional assessment of Defendant's current mental state.

Based on the same conduct leading to the Court's concerns that Defendant may not

understand the choices regarding his Sixth Amendment right to counsel and may not understand the dangers of proceeding *pro se*, the Court further concludes that Defendant's conduct in this matter up until this point creates reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a). For this reason, it is hereby **ORDERED and ADJUDGED** that a hearing to determine the mental competency of Defendant shall proceed on **October 1, 2012,** in **Courtroom 310-B, 299 E. Broward Boulevard, Fort Lauderdale, Florida 33301**. Defendant may appear by video conference if he wishes to do so, as long as he makes the necessary arrangements with the Court before the hearing.

In order for the Court to properly conduct the mental competency hearing, the Court requires a report of a psychological or psychiatric evaluation of Defendant. Title 18, United States Code, Section 4247(b), governs psychiatric and psychological evaluations. This statute provides, in relevant part, "A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court . . . ." Section 4247(c) sets forth the required contents of a report of such an examination:

(1) the person's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and –

> (A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, at the earliest possible time after receipt of this Order, the prosecutor and counsel currently appointed for Defendant shall jointly select a licensed psychologist or psychiatrist to conduct the evaluation and to prepare a report consistent with the requirements of 18 U.S.C. § 4247(c). The attorneys' joint selection shall serve as the Court's expert. If necessary for Defendant's convenience, the selected psychologist or psychiatrist may be located in California. A copy of the Report resulting from this evaluation shall be furnished to counsel for the Government and counsel for Defendant within thirty days from the date of this Order. Once the report is received, counsel for Defendant shall file a copy of the Report with the Court under seal by no later than **September 27, 2012**. The cost for this evaluation shall be borne by the Department of Justice. *See Guide to Judicial Policy & Procedure, vol. VII, chap. III, Part B, § 3.11(B) & Summary Chart* (Administrative Office of the United States Courts).

It is further **ORDERED** that submitting to and cooperating with the evaluation ordered in this Order is a necessary condition of Defendant's bond. Failure to appear for and cooperate in the evaluation may result in the revocation of Defendant's bond and the issuance of a warrant for Defendant's arrest.

It is further **ORDERED** that the period of delay resulting from the examination of Defendant and any subsequent judicial proceedings to determine Defendant's competency shall be excluded

from the computation of deadlines under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A).

**DONE and ORDERED** at Fort Lauderdale, Florida, this 29th day of August 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:     Counsel of Record